UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEN D. RABB,<br><br>    Plaintiff,<br><br>    v.<br><br>E. CHAVEZ, et al.,<br><br>    Defendants. | No. 2:25-cv-1908 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

The complaint names as defendants correctional officers Chavez and Castro, as well as California Department of Corrections and Rehabilitation (CDCR) Secretary McComber. ECF No. 1 at 2. Plaintiff alleges that Chavez and Castro, who are employed as correctional officers at Kern Valley State Prison, disposed of his personal property in retaliation for filing grievances and lawsuits and that the CDCR generally has ignored threats to his safety. Id.

The federal venue statute provides that

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

        property that is the subject of the action is situated; or

        (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted). In this case, such a transfer appears proper.

      The conduct alleged to have violated plaintiff's rights occurred at Kern Valley State Prison, which is located in Kern County, which is in the Fresno Division of this court. Furthermore, though defendant McComber is in Sacramento, which is located in the Sacramento Division of this court, there are no allegations against him, and he appears to have been named as a defendant solely based on his role as CDCR Secretary. See Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)). To the extent plaintiff is attempting to bring a claim generally against the CDCR, it is not a proper defendant. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

      For these reasons, it appears likely that any potentially cognizable claims will be against defendants located within Kern County and that this action should be transferred to the Fresno Division of this court. See 28 U.S.C. § 1404(a) ("a district court may transfer any civil action to any other district or division where it might have been brought"); L.R. 120(f) (the court may, on its own motion, transfer an action to another venue within the District for good cause). Plaintiff must therefore show cause in writing why this case should not be transferred to the Fresno Division.

      Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff must show cause in writing why this case should not be transferred to the

Fresno Division of this court. If plaintiff does not object to this case being transferred, he may file a notice consenting to the transfer.

DATED: July 14, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE